UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID ARTHUR DAILEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PENINSULA FAMILY SERVICES, SAN MATEO, MS. BENDA BROWN, 55+ PROGRAM DIRECTOR, AND MS. LAURA M. SWARTZEL, ASSOCIATE DIRECTOR,<br><br>　　　　　Defendant(s). | Case No: C 17-00691 SBA<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

  Plaintiff David Arthur Dailey ("Plaintiff") filed the instant pro se action in this Court on February 10, 2017. Dkt. 1. On February 14, 2017, Defendant Peninsula Family Service ("Defendant"), erroneously sued as "Peninsula Family Services, San Mateo," filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Pursuant to Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of its filing, with an additional three-day extension for service by mail. Accordingly, Plaintiff should have filed a response to the motion by no later than March 3, 2017. Plaintiff failed to file any response to the motion.

  On March 27, 2017, the Court issued an order directing Plaintiff to file a response to Defendant's motion to dismiss. Dkt. 20. The Order stated that, although the Court could have dismissed the action, it was affording Plaintiff additional time to file an opposition. The Order warned, however, that Plaintiff's failure to file a response within the additional time prescribed by the Court would result in dismissal of the action. Specifically, the salient portion of the Order states:

| | |
|---|---|
| 1 | Plaintiff shall have until April 12, 2017 to file and serve his response (i.e., either an opposition or a statement of non-opposition) to Peninsula Family Service's motion to dismiss. Plaintiff's response shall comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules including, without limitation, Civil Local Rules 7-3 through 7-5. **PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULE WILL RESULT IN THE GRANTING OF THE PENDING MOTION AND THE DISMISSAL OF THIS ACTION.** |

Dkt. 20 at 2. To date, Plaintiff has not filed any response to Defendant's motion to dismiss or otherwise corresponded with the Court.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992); see also Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The Court finds that these factors weigh in favor of dismissal.

With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Likewise, the second factor—the Court's need to manage its docket—also favors dismissal. Plaintiff's failure to oppose Defendant's motion to dismiss, despite having two opportunities and two months to do so, has unreasonably undermined the Court's ability to manage and move toward an expeditious resolution of this case. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

| | |
|---|---|
| 1 | The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to respond, and an explanation is not apparent from the record. This factor thus weighs strongly in favor of dismissal. See Yourish, 191 F.3d at 991. |

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. The Court's Standing Orders expressly warn that the failure to "file a response to any motion or request "may be construed as a consent to the granting of the relief sought in the motion or request." Dkt. 15 at 3. Thus, when Plaintiff initially failed to respond to Defendant's motion by the March 3 deadline, the Court could have dismissed the action immediately. In consideration of less drastic alternatives, however, the Court sua sponte extended Plaintiff's deadline to respond, thereby granting him a full two months to prepare an opposition. The Court again warned Plaintiff that the failure to respond would result in the dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

Although the final factor favoring disposition of cases on the merits, by definition, weighs against dismissal, see Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."), the Court finds that, on balance, the pertinent factors militate in favor of such action. Id. (affirming dismissal where three or the five factors favored dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk shall close the file and terminate all pending matters and deadlines. The hearing scheduled for May 10, 2017, and the case management conference scheduled for June 15, 2017, are VACATED.

IT IS SO ORDERED.

Dated: 4/18/2017

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge